**MEMO ENDORSED**

**WILSON SONSINI**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/20/21

**VIA CM/ECF**
The Honorable Barbara C. Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Plaintiffs' opposition letter is due December 22, 2021.  See Moses Ind. Prac. § 3(e). Since December 23 and 24 are court holidays, defendants' reply letter is due **December 28, 2021**. *Id*. The parties may, if they wish, stipulate to a different schedule, provided that the dispute is fully briefed by **5:00 p.m. on January 5, 2022**. The Court will conduct a telephonic discovery conference on **January 6, 2022, at 12 noon.** The parties are directed to call (888) 557-8511 on their scheduled date, a few minutes before their scheduled time, and enter the access code 7746387. It is the Court's practice to decide discovery disputes at the conference, where possible, rather than scheduling more formal briefing.  SO ORDERED.
>
> _____
> Barbara Moses
> United States Magistrate Judge
> December 20, 2021

December 17, 2021

Re:   *Trireme Energy Holdings, Inc. et al. v. Innogy Renewables US, LLC et al.*, No. 1:20-cv-05015-VEC-BCM

Dear Judge Moses:

We are counsel to Defendants Innogy Renewables US LLC and Innogy SE ("Innogy" or "Defendants") in the above-captioned matter.  We respectfully submit this letter-motion for a discovery conference pursuant to Federal Rule of Civil Procedure 37(a), Local Civil Rules 37.1 and 37.2, and Rule 2.b of Your Honor's Individual Practices.

**Background**

As this is the parties' first appearance before Your Honor, we provide below a brief description of the action in order to provide context for the instant discovery dispute.  Innogy is a renewable energy company in the business of constructing and managing renewable energy plants, including windfarms.  This action concerns a dispute over Innogy's construction of a particular windfarm in Cassadaga, New York (the "Cassadaga Project").  Innogy came to own the Cassadaga Project as part of a portfolio of development-stage energy projects transferred via merger from Plaintiffs Trireme Energy Holdings, Inc., and Trireme Energy Development, LLC (together, "Trireme").  Trireme, in turn, is substantially funded by a British investment firm called Terra Firma Capital Partners ("Terra Firma").  Also relevant to this dispute, Trireme is the former owner of the company EverPower Wind Holdings, Inc. ("EverPower"), which operated the Cassadaga Project prior to the merger.

The Merger Agreement transferring Cassadaga and other projects to Innogy was executed in December 2017, and the Cassadaga deal closed in late July 2018.  Pursuant to the Merger Agreement, Innogy made a significant upfront payment to Trireme, and also agreed to an additional conditional payment of $69.7 million (the "earnout") *if* either (i) certain permits for Cassadaga were received by October 2019 (the "October Milestone"), with Innogy required to use "commercially reasonable efforts" to develop the project, subject to express limitations; or, in the alternative, (ii) the project achieved commercial operations by December 31, 2020 (the "December Milestone").  The Cassadaga Project did not achieve either of these two Milestones, and Innogy accordingly did not make a payout; Trireme's litigation challenges those outcomes.

There are two claims remaining in this case.  First, Trireme alleges that Defendants breached the merger agreement by failing to use "commercially reasonable efforts" to complete development of the Cassadaga Project by October 2019 (*i.e.*, the October Milestone).  Second, Trireme alleges that following a change in renewable tax credit laws enacted in May 2020,

**WILSON SONSINI**

The Honorable Barbara C. Moses
December 17, 2021
Page 2

Defendants breached the implied covenant of good faith and fair dealing by deliberately delaying achievement of the December Milestone for the purpose of denying Plaintiffs the benefit of the $69.7 million earnout.  Plaintiffs also asserted claims for unjust enrichment, reformation and tortious interference—all of which Judge Caproni dismissed on August 17, 2021 (ECF No. 67).  Fact discovery is scheduled to be completed by February 28, 2022.  Document production is substantially complete, and several key witnesses have already been deposed.

### The Instant Dispute

We write to the Court regarding an impasse on three discovery issues:  (1) the time remaining for the deposition of Trireme's President James ("Jim") Spencer, whose deposition has commenced, but remains open; (2) the scope of a 30(b)(6) deposition for Trireme; and (3) compliance by Trireme's majority owner, Terra Firma, with Innogy's discovery requests.

The parties met and conferred in good faith on November 23, 2021, at 3:00 PM for approximately 1.5 hours regarding these issues.  Eli Richlin and Paul Gross participated as counsel for Defendants, and Nathaniel Marmon of The Law Offices of John F. Baughman participated as counsel for Plaintiffs and Terra Firma.  Thereafter, the parties exchanged written correspondence dated December 2, 2021, December 6, 2021, and December 7, 2021, in an effort to clarify and narrow the issues.  Counsel initiated a conference on December 8, 2021, with Judge Caproni regarding these issues, which resulted in Judge Caproni's order referring all discovery matters to Your Honor (ECF No. 92).  We now move the Court for relief.

### I.   Time Remaining for Deposition of Jim Spencer

The parties dispute the amount of time for which Mr. Spencer—Trireme's President and principal employee—should be required to testify.  On October 7, 2021, Mr. Spencer testified for approximately 5.5 hours, and that deposition remains open.  In addition to the remaining 1.5 hours of record time to which Defendants are entitled under Rule 30(d)(1), Defendants seek an additional three hours to complete Mr. Spencer's deposition.  Plaintiffs have refused to produce Mr. Spencer for more than an additional 1.5 hours.

The Court "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent."  Fed. R. Civ. P. 30(d)(1).  Here, Mr. Spencer likely is Plaintiffs' most significant percipient witness in this case, and additional time is warranted as his testimony is both relevant and additional time is not unduly burdensome.  Mr. Spencer played a key role in negotiating the sale of the Cassadaga Project to Defendants, overseeing development of the Cassadaga Project prior to the sale closing, and regularly corresponded with Innogy, Terra Firma and EverPower concerning development progress.  His testimony is particularly relevant to explaining the development of the Cassadaga Project prior to the close of the Merger Agreement, and thus provides key context to Plaintiffs' claim as to the adequacy of Innogy's development work thereafter.  He is Plaintiffs' only remaining employee.

Given the primacy of Mr. Spencer's role—and that Defendants only plan to depose *one other witness for the Plaintiffs*, weighed against the approximately ten depositions Plaintiffs will conduct of current and former employees of Defendants—it is not unduly burdensome to compel

WILSON SONSINI

The Honorable Barbara C. Moses
December 17, 2021
Page 3

Mr. Spencer to sit for an additional three hours to testify about the deal that he brokered and the project he managed—especially because he is already required to testify for an additional 1.5 hours once his deposition is continued.  *See Arista Recs. LLC v. Lime Grp. LLC*, No. 06-civ-5936-GEL, 2008 WL 1752254, at *2 (S.D.N.Y. Apr. 16, 2008) (granting request for additional four hours to depose executive as "entirely reasonable" because he was "a very significant witness in the case" and the "presumptive length of depositions provided in Rule 30 . . . was not designed for a witness of this significance in a case of this magnitude"); *see also Umbach v. Carrington Inv. Partners (US), LP*, No. 3:08-cv-484-EBB, 2012 WL 4854657, at *2 (D. Conn. Oct. 11, 2012) (granting motion to extend plaintiff's deposition by 3.5 hours where "defense counsel [] created a record of his need to continue the deposition") (internal quotations omitted).  Mr. Spencer also was involved in preparing the complaint (in which he is named), was disclosed by Plaintiffs as having relevant knowledge, and has a financial interest in this case's outcome.  Defendants respectfully request that the Court order Plaintiffs to produce Mr. Spencer for an additional three hours of testimony, for a total of 4.5 hours of remaining testimony.

**II.     Scope of 30(b)(6) Deposition for Trireme**

The parties dispute the scope of the 30(b)(6) deposition for Trireme.  On October 22, 2021, Defendants served a notice of a 30(b)(6) deposition of Trireme on Plaintiffs.  (*See* Exhibit C.)  Among other topics, Defendants sought testimony from Trireme concerning the roles of EverPower and Terra Firma in the Cassadaga Project.  As referenced above, EverPower managed Cassadaga's development prior to the merger, while Terra Firma is the principal funder for Trireme and directed Trireme's development of Cassadaga prior to the merger.

On November 5, 2021, Plaintiffs served their responses and objections to Defendants' 30(b)(6) notice. (*See* Exhibit E.)  Plaintiffs refused to offer corporate testimony about topics including, but not limited to:  (1) the corporate relationship between Trireme, Terra Firma and EverPower (Topic Nos. 3 and 4); (2) Terra Firma's role in financing Cassadaga (Topic No. 9); (3) Terra Firma's role in prosecuting the case (Topic No. 13); and (4) the basis for its contention that Innogy did not use "commercially reasonable efforts" to develop Cassadaga or that Innogy acted arbitrarily and in bad faith to delay commercial operations (Topic Nos. 15 and 16).

Defendants are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Upon service of Defendants' 30(b)(6) notice, Plaintiffs "must designate one or more officers, directors, or managing agents . . . to testify on its behalf."  Fed. R. Civ. P. 30(b)(6).  The funding relationship between Plaintiffs, EverPower and Terra Firma is relevant to the motivation underlying Plaintiffs' acts and omissions vis-à-vis development of Cassadaga pre-closing, as well as Plaintiffs' failure to develop Cassadaga during that period.  It also establishes the baseline for development once Defendants assumed control of the project, which is relevant to defining what efforts were "commercially reasonable" following the project's handover.  Further, such information is independently relevant because Plaintiffs' failure to develop Cassadaga pre-closing implicates Defendants' affirmative defenses, including unclean hands and impossibility or impracticability of performance.  *See Granite State Ins. Co. v. Clearwater Ins. Co.*, No. 09-civ-10607-RKE, 2012 WL 1520851, at *3 (S.D.N.Y. Apr. 30, 2012) (declining to set aside order granting defendant's

WILSON SONSINI

The Honorable Barbara C. Moses
December 17, 2021
Page 4

motion to compel discovery because "the information sought by [the discovery request] has 'possible relevance' to [an] Affirmative Defense and is, therefore, discoverable").

Moreover, Terra Firma's and EverPower's interests in the outcome of the litigation are also relevant to issues of potential witness bias.  *See Sidor v. Reno*, No. 95-civ-9588-KMW, 1998 WL 164823, at *3 (S.D.N.Y. Apr. 7, 1998) (rejecting plaintiff's argument that "defendant's inquiry concerning the financial arrangement between plaintiff's mother and her counsel . . . is not relevant" because the "sought after information is sufficiently relevant to the witness' bias and interest to be discoverable").  In addition, the factual bases for Plaintiffs' allegations are *per se* relevant to the claims asserted in the litigation.  Defendants respectfully request that the Court order Plaintiffs to designate a corporate representative to testify on the disputed topics.

### III. Terra Firma's Compliance with Innogy's Discovery Requests

The parties dispute the scope of the 30(b)(6) deposition of Terra Firma and Terra Firma's compliance with Defendants' subpoena *duces tecum*.  On October 13, 2021, and October 22, 2021 respectively, Defendants served a subpoena *duces tecum* and 30(b)(6) subpoena to Terra Firma on Plaintiffs' counsel, who represent Terra Firma with respect to Defendants' subpoenas.  (*See* Exhibits A and B, respectively.)  Among other topics, Defendants seek testimony and documents concerning Terra Firma's funding to EverPower and Trireme—which directly impacted Plaintiffs' ability to develop the project pre-closing and Defendant's ability to further development post-closing—and Terra Firma's involvement in Cassadaga sale.

On November 5, 2021, Terra Firma served its responses and objections to Defendants' 30(b)(6) subpoenas.  (*See* Exhibit D.)  As to the 30(b)(6) subpoena, Terra Firma refused to designate a corporate representative to testify about any topic, except for its role in monitoring or supervising the development or construction of Cassadaga (Topic No. 9).  As to the subpoena *duces tecum*, Terra Firma refused to even search for documents responsive to the subpoena, much less produce any responsive documents.  *Contra* Fed. R. Civ. P. 45(e)(1)(A) (subpoenaed party "must produce [documents] as they are kept in the ordinary course of business").

As discussed above, the funding provided by Terra Firma is highly relevant to Plaintiffs' incentive and ability to develop the project prior to the sale closing.  This funding information is also likely to include admissible evidence pertinent to Defendants' affirmative defenses and reveal information relevant to witness bias.  Defendants respectfully request that the Court order Terra Firma to produce documents in response to the subpoena *duces tecum* and to designate a corporate representative to testify on the disputed topics.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Eli B. Richlin
*Counsel for Defendants*

cc:  All Counsel of Record (via CM/ECF)