UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRIREME ENERGY HOLDINGS, INC. et al.,

Plaintiff,

-against-

INNOGY RENEWABLES US LLC, et al.,

Defendants.

20-CV-5015 (VEC) (BCM)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/10/22

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed on the record at the January 7, 2022 discovery conference, defendants' discovery letter-motion (Dkt. No. 94) and plaintiffs' discovery letter-motion (Dkt. No. 96) are GRANTED IN PART and DENIED IN PART, as follows:

1. <u>Deposition of Jim Spencer</u>. Plaintiffs shall make Mr. Spencer available for a total of 9 hours (that is, approximately 3.5 additional hours) of examination by defendants.

2. <u>Deposition Jeff Puterbaugh</u>. Defendants shall make Mr. Puterbaugh available for a total of 9 hours of examination by plaintiffs.

3. <u>Deposition of Sylvia Ortin-Rios</u>. Defendants shall produce Ms. Ortin-Rios for deposition if and when plaintiffs notice her deposition.

4. <u>Deposition of Katja Wunschel</u>. Ms. Wunschel is employed by a non-party, RWE Renewables Gesellschaft mit beschränkter Haftung (identified by defendants as the German parent company of the successor by merger to defendant Innogy Renewables US LLC) and is based in Germany. On the present record, plaintiffs – who "bear[] the burden of establishing the status of the witness," *Dubai Islamic Bank v. Citibank, N.A.*, 2002 WL 1159699, at *4 (S.D.N.Y. May 31, 2002) – have failed to persuade me that Ms. Wunschel is an officer, director, or "managing agent" of any defendant and therefore subject to deposition by notice. *See id*. at *2-4 (the question "is answered pragmatically and on a fact-specific basis," taking into account, among other things, the "functional relationship" between the party and the witness). Consequently, the Court will not require defendants to produce Ms. Wunschel for deposition on notice.

5. <u>Rule 30(b)(6) Depositions of Trireme and Terra Firma.</u> The Court understands that the same individual, Ross Brinklow, will serve as the testifying representative for plaintiff Trireme Energy Holdings, Inc. (Trireme) and its parent, Terra Firma Capital Partners Limited (Terra Firm), pursuant to Rule 30(b)(6). Brinklow is a director of Trireme and a current employee of Terra Firma.

1

        At the Trireme deposition, the witness must be prepared to testify about topics 3 and 4, as described in defendants' Notice of Rule 30(b)(6) Deposition of Trireme (Dkt. No. 94-3). In lieu of topics 15 and 16 as written, the witness must be prepared to testify as to the basis for the allegations in Trireme's complaint. The witness need nor be prepared to testify about topics 13 and 17. As these were the only Trireme topics discussed in the parties' letter-motions and briefs, nothing in this Order constitutes a ruling as to any other Trireme topic.

        At the Terra Firma deposition, the witness must be prepared to testify about topics 1-5 and 9, as described in the Rule 30(b)(6) Subpoena addressed to Terra Firma (Dkt. No. 94-2). The witness must also be prepared to testify about topic 13 as modified during the conference (to *exclude* the phrase, "and the quantification of those interests"). In lieu of topics 11 and 12, the witness must be prepared to testify as to the basis for the allegations in Trireme's complaint. The witness need not be prepared to testify about topics. 6, 7, 8, 10, and 14.

6. <u>Second Subpoena to Terra Firma</u>. Terra Firma need not conduct additional searches or produce additional documents in response to the second subpoena duces tecum served upon it (Dkt No. 94-1).

7. <u>Defendants' Revised Privilege Log</u>. The parties shall further meet and confer as to their remaining privilege disputes. If they are unable to resolve those disputes, they shall submit a joint letter to the Court, no longer than 4 pages and no later than **January 21, 2022**, outlining the unresolved issues **and attaching the relevant portions of defendants' most recent privilege log**.

8. <u>Documents regarding Sylvia Ortin-Rios</u>. The parties shall promptly meet and confer in an effort to agree on the production of relevant documents from Ms. Ortin-Rios's accounts, databases or files in advance of her deposition. If they are unable to reach agreement, they shall submit a joint letter to the Court, no longer than 4 pages and no later than **January 21, 2022**, outlining the unresolved issues.

9. <u>Number of Depositions</u>. Nothing in this Order permits any party to take more than 10 depositions.

    For substantially the reasons set forth in defendants' letter dated December 29, 2021 (Dkt. No. 100), plaintiffs' letter-motion to seal and redact (Dkt. No. 99) is GRANTED. Exhibits 2, 7 and 9 to plaintiffs' December 21, 2021 discovery letter-motion (that is, Dkt. Nos. 96-2, 96-7, and 96-9) shall remain under seal. The Clerk of Court is respectfully directed to unseal the remaining exhibits (that is, Dkt. Nos. 96-1, 96-3, 96-4, 96-5, 96-6, and 96-8) to the letter-motion at Dkt. No. 96.

The Clerk of Court is also respectfully directed to close Dkt. Nos. 94, 96, 97 (erroneously filed as a letter-motion when in fact it is a letter in opposition to the motion at No. 94), and 99.

Dated: January 10, 2022
New York, New York

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**
