**WILSON SONSINI**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/8/22

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

O: 212.999.5800
F: 212.999.5899

March 7, 2022

**VIA CM/ECF**
The Honorable Barbara C. Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

# MEMO ENDORSED

Re:  *Trireme Energy Holdings, Inc. et al. v. Innogy Renewables US, LLC et al.*, No. 1:20-cv-05015-VEC-BCM

Dear Judge Moses:

Defendants Innogy Renewables US LLC and Innogy SE ("Innogy" or "Defendants") submit this letter-motion to compel Terra Firma Capital Partners, Ltd. ("Terra Firma")—the majority owner of Plaintiffs Trireme Energy Holdings, Inc., and Trireme Energy Development, LLC (together, "Trireme")—to produce the following categories of documents: (1) documents and communications, both formal and informal, with Terra Firma's General Partner ("GP") concerning the Cassadaga project from January 1, 2018, to December 31, 2020; (2) documents and communications to or from Terra Firma regarding the status and progress of construction and development of the Cassadaga project from January 1, 2018, to December 2020; and (3) documents and communications concerning Terra Firma's valuation of the Cassadaga project from January 1, 2018, to December 31, 2020. These categories of documents are plainly responsive to Defendants' subpoena *duces tecum*, dated March 8, 2021 (attached as Exhibit A).

Innogy seeks an order compelling production after the previous representations by Terra Firma's counsel—that "all" documents relating to the Cassadaga project had already been produced—proved to be incorrect. In fact, testimony by a Terra Firma principal revealed significant and material deficiencies in Terra Firma's production as to documents falling into the above categories. Notably, these documents are not ancillary to the claims and defenses here: they relate directly to the Cassadaga project, and to the understanding and evaluation by Terra Firma (which has the majority financial interest in the litigation) as to development and construction on the project.

Following written correspondence, Defendants' counsel met and conferred in good faith with Terra Firma's counsel at 3:30 PM on February 28, 2022, for approximately 30 minutes regarding these issues. Eli Richlin and Paul Gross participated as counsel for Defendants, and Nathaniel Marmon of The Law Offices of John F. Baughman participated as counsel for Terra Firma.

Pursuant to Your Honor's direction at the January 7, 2022 hearing, Defendants now move the Court for relief. *See* 1/7/2022 Hearing Tr. 67:4-10 ("[Y]ou'll ask the appropriate questions at deposition . . . and if you find that there is a deficiency, if you find that something is missing that should have been produced, obviously you will discuss that with opposing counsel and if you can't reach agreement on it you can come back to me on a more precise record at that point.").

**WILSON
SONSINI**

The Honorable Barbara C. Moses
March 7, 2022
Page 2

### March 8, 2021 Subpoena *Duces Tecum* to Terra Firma

Defendants served a subpoena *duces tecum* on Terra Firma on March 8, 2021, directing it to produce, among other materials, "[a]ll Documents and Communications concerning the Cassadaga Project from January 1, 2017 to present." (Exhibit A at 8, Request No. 1.) In its responses, Terra Firma agreed to "produce any non-privileged, responsive documents within its custody, possession, and control" in response to this request, except "to the extent [the request] seeks documents and communications that are protected from discovery under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege." (*See* Exhibit B at 3, Response to Request No. 1.)

In Plaintiffs' December 23, 2021 letter to the Court (ECF No. 97 at 4), Plaintiffs represented: "After negotiating custodians and search terms, Terra Firma produced all responsive, non-privileged documents, including '[a]ll Documents and Communications concerning the Cassadaga Project from January 1, 2017 to present,' as requested." In no uncertain terms, Plaintiffs further underscored in that same letter that "Terra Firma has thus already produced all documents and communications about the Cassadaga project." *Id.* On January 7, 2022, Plaintiffs again represented to the Court: "We [Terra Firma] produced all communications about the Cassadaga project, so we've covered the waterfront." 1/7/2022 Hearing Tr. 62:15-17. These representations later proved to be incorrect.

### Deposition of Terra Firma Principal Ross Brinklow

Notwithstanding the representations by Terra Firma's counsel, Defendants learned for the first time at Mr. Brinklow's deposition on January 21, 2022, about the existence of certain categories of documents that are plainly responsive to Defendants' subpoena, but that Terra Firma did not produce.

*First*, Mr. Brinklow testified that he provided presentations and memoranda containing information about various Cassadaga-related decision proposals for approval on a weekly, biweekly and/or quarterly basis to Terra Firma's GP, who wielded responsibility for making decisions including approving the sale of Cassadaga to Innogy and reviewing deal valuations and analyses provided by Mr. Brinklow. Tr. 60:22-62:19, 68:9-68:17, 395:13-396:2.[1] Mr. Brinklow—who is also a board member of Trireme—also testified that he had more informal, internal communications with the Terra Firma GP about various decision proposals and updates concerning the Cassadaga project. Tr. 68:18-69:3. While it appears that some of these documents and communications were produced, a significant portion of them appear to be missing from Terra Firma's production considering Mr. Brinklow's representation that he presented such material about the Cassadaga project to Terra Firma's GP on at least a quarterly basis and, at times, a near-weekly basis. Tr. 62:11-14.

---

[1] Citations to "Tr." are references to the final deposition transcript of Mr. Brinklow's January 21, 2022 deposition. The cited excerpts are appended as Exhibit D.

**WILSON
SONSINI**

The Honorable Barbara C. Moses
March 7, 2022
Page 3

*Second*, Mr. Brinklow testified that there were Cassadaga development updates that were provided to him by the Trireme/EverPower[2] development team between January 2018 and July 2018 (Tr. 158:20-160:3, 162:4-163:6), and that there may be correspondence involving Mr. Brinklow and the Trireme/EverPower development team from December 2017 through July 2018 in which Mr. Brinklow pressured the development team to make additional progress on developing the Cassadaga project (Tr. 297:4-298:19).  Defendants have not been able to locate such communications about the Cassadaga project in Terra Firma's production.

*Third*, Mr. Brinklow testified that Terra Firma ascribed a valuation for the Cassadaga project on a quarterly basis that was initially risk-weighted at a certain percentage-level (*i.e.*, Terra Firma's internal assessment of the likelihood it would receive the earnout payment), which then was adjusted during mid-2019, and then again adjusted around May 2020.  Tr. 74:2-79:10.  Terra Firma did not produce these quarterly financial valuations concerning the Cassadaga project to Defendants.

**Document Production Deficiencies**

Considering these apparent deficiencies in Terra Firma's document production, Defendants' counsel wrote to Terra Firma's counsel on February 18, 2022, to inform them that Terra Firma's discovery obligations would not be satisfied until the numerous deficiencies identified above are remediated and to request that Terra Firma promptly produce the following categories of missing documents to Defendants, including but not limited to:

1. Documents and communications, both formal and informal, with Terra Firma's GP concerning the Cassadaga project from January 1, 2018, to December 31, 2020;

2. Documents and communications to or from Terra Firma regarding the status and progress of construction and development of the Cassadaga project from January 1, 2018, to December 2020; and

3. Documents and communications concerning Terra Firma's valuation of the Cassadaga project from January 1, 2018, to December 31, 2020.[3]

On February 28, 2022, Terra Firma's counsel responded that "[t]hey produced all responsive documents located after a reasonable search," "[n]one of the purported deficiencies

---

[2] Trireme is the former owner of EverPower Wind Holdings, Inc. ("EverPower"), which operated the Cassadaga project prior to the merger.

[3] Defendants also asked that Terra Firma's counsel confirm that Mr. Brinklow's documents were collected, reviewed and produced in accordance with the agreed-upon search protocol because Mr. Brinklow testified that in response to Defendants' subpoena to Terra Firma, he only recalled specifically searching for documents or communications relating to the negotiation of the merger agreement—and no other topic.  Tr. 396:18-398:8.  Terra Firma's counsel declined to do so.

**WILSON SONSINI**

The Honorable Barbara C. Moses
March 7, 2022
Page 4

raised . . . concern information relevant to any claim or defense," and thus "none warrants any additional production of documents at this late state of the case."  Exhibit C at 1.  Defendants met and conferred with Terra Firma's counsel that afternoon.

The documents requested are relevant and discoverable—both for Innogy's defense against Plaintiffs' remaining claims and for impeachment purposes.  For example, documents regarding the status of construction and development of the Cassadaga project, including communications to or from Terra Firma with assessments as to project progress, implicate Plaintiffs' claim as to whether Innogy's development activities were commercially reasonable. Similarly, Terra Firma's internal assessment of the valuation of the Cassadaga project, which likely fluctuated in response to external factors including governmental restrictions on construction during the COVID-19 pandemic, apply to Plaintiffs' arguments regarding Innogy's work to construct the project in 2020.  Critically, permitting Terra Firma to withhold such documents and communications would deprive Defendants of the opportunity to question and potentially to impeach Terra Firma witnesses to the extent there are contemporaneous Terra Firma reports documenting or approving the efforts Innogy undertook to advance the development and construction of the Cassadaga project.

Moreover, the three categories of documents identified above are plainly responsive to Request No. 1 as containing "[d]ocuments and [c]ommunications concerning the Cassadaga Project from January 1, 2017 to present" and should be produced.  Exhibit A at 8, Request No. 1. In addition to Request No. 1, Terra Firma also agreed to produce non-privileged documents responsive to the following requests, which also capture the documents that Defendants now know are missing from Terra Firma's production:

- "All Documents and Communications concerning any actual or potential tax credits of any kind associated with, related to, or otherwise mentioned or discussed in connection with the Cassadaga Project, including but not limited to all Documents and Communications concerning or relating in any way to a potential or actual change in production tax credit law or investment tax credit law that could apply to the Cassadaga Project" (Exhibit B at 4, Response to Request No. 4);

- "All Documents and Communications concerning whether the Cassadaga Project had achieved or would achieve the Payment Milestone and/or whether Trireme could or would claim the Payment Milestone Amount" (Exhibit B at 9, Response to Request No. 15); and

- "All Documents and Communications concerning Trireme's and/or Terra Firma's evaluation as to whether IRUS owed the Payment Milestone Amount for the Cassadaga Project." (Exhibit B at 10, Response to Request No. 19).

Defendants respectfully request the Court grant Defendants' letter-motion to compel and order Terra Firma to remedy the deficiencies in its document production.

**WILSON SONSINI**

The Honorable Barbara C. Moses
March 7, 2022
Page 5

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Eli B. Richlin*

Eli B. Richlin

*Counsel for Defendants*

cc: All Counsel of Record (via CM/ECF)

---

The Court will hold a discovery conference pursuant to Local Civil Rule 37.2 on **March 16, 2022 at 11:00 a.m.** in Courtroom 20A, 500 Pearl Street, New York, NY 10007. Terra Firma's response to defendants' letter-application is due no later than **March 10, 2022.** Defendants' optional reply letter is due **March 14, 2022.** *See* Moses Ind. Prac. § 2(e). It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters and such argument as may be presented orally, unless the Court determines that more formal briefing is required. SO ORDERED.

_____
Barbara Moses
United States Magistrate Judge
March 8, 2022