```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/9/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRIREME ENERGY HOLDINGS, INC., et al.,

              Plaintiffs,

   -against-

INNOGY RENEWABLES US LLC, et al.,

             Defendants.

20-CV-5015 (VEC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has reviewed the exemplar documents submitted by the parties and has reached the following conclusions:

### Defendants' Exemplars

1.    **PRE-INNOGY0098761**. The 1:18 pm and 4:29 pm emails from Casey to Falkenhof and Puterbaugh provide legal advice to Innogy and were properly withheld pursuant to the attorney-client privilege. The earlier and later emails reveal nothing more than the fact that legal advice was provided, and the identity of the Innogy employees to whom that advice was forwarded. Consequently, those emails are not themselves privileged, and must be produced.

2.    **PRE-INNOGY0098865**. All emails included in the withheld email chain solicit or provide legal advice and were properly withheld pursuant to the attorney-client privilege.

3.    **PRE-INNOGY0293155**. The 11:05 a.m. email from Casey to Leader and Handschumacher (with cc's) and the 4:52 p.m. email from Leader to Casey and Hanschumacher (with cc's) solicit or provide legal advice and were properly redacted pursuant to the attorney-client privilege. The second sentence of the 9:57 p.m. email from Reading to Puterbaugh (with a cc to Casey) describes legal advice provided to Innogy and was properly redacted pursuant to the attorney-client privilege. The remainder of the 9:57 p.m. email is not privileged and must be produced.

4.     **PRE-INNOGY0430142**. All emails included in the withheld email chain solicit, provide, or describe legal advice provided to Innogy and were properly withheld pursuant to the attorney-client privilege.

5.     **PRE-INNOGY0430143**. All emails included in the withheld email chain solicit, provide, or describe legal advice provided to Innogy and were properly withheld pursuant to the attorney-client privilege.

**Plaintiffs' Exemplars**

1.     **PRE-INNOGY0093882**. The March 26, 2020, 9:09 a.m. email from Langnecker to Casey and Finelli (with a cc to Pluta) solicits legal advice and was properly withheld pursuant to the attorney-client privilege. The earlier and later emails neither solicit, provide, nor describe legal advice. Consequently, they are not themselves privileged and must be produced.

2.     **PRE-INNOGY0251783**. Defendants assert that a "forwarded email" within this document "includes [a] request for legal advice to Richard Casey," Innogy's in-house counsel. The May 7, 2020, 10:48 a.m. email from Pranke to Readling and others, including Casey, appears to solicit legal advice and on that basis was properly redacted pursuant to the attorney-client privilege. However, the later emails neither solicit, provide, nor describe legal advice. Consequently, they are not themselves privileged and must be produced.

3.     **PRE-INNOGY0254472**. Defendants assert that this document "reflects legal advice from Richard Casey." If so, that fact is not apparent from the text of the document itself, which does not mention Casey (or any other attorney) and neither states nor suggests that the business and financial analysis presented therein was supplied, in any part, by counsel. If and to the extent the author's analysis was shaped or influenced by prior communications with counsel, defendants (who bear the burden of proof with making a claim of privilege) have failed to establish

that fact, which, in any event, would not be a sufficient predicate for a claim of privilege over the resulting document, which is not itself privileged and must be produced.

4. **PRE-INNOGY0286674**. The redacted portion of the April 8, 2020, 2:18 a.m. email from Sundstrom to Falkenhof and others, including Casey, solicits legal advice and was properly redacted pursuant to the attorney-client privilege.

5. **PRE-INNOGY0430142**. All emails included in the withheld email chain solicit or describe legal advice provided to Innogy and were properly withheld pursuant to the attorney-client privilege.

It is hereby ORDERED that defendants shall promptly produce the documents, or portions thereof, which the Court has determined were not properly withheld or redacted as privileged. In addition, defendants shall re-review the remaining documents in contention, applying the same standards, and produce any remaining documents, or portions thereof, which do not meet those standards.

Dated: New York, New York
March 9, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**